1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Rafael Arroyo,                              No. 2:21-cv-00983-KJM-KJN

12                         Plaintiff,             ORDER

13          v.

14    Capitol Regency, LLC et al.,

15                         Defendants.

16

17          Defendants Capitol Regency and Hyatt Corporation move to dismiss Rafael Arroyo's

18    complaint.  In his opposition Arroyo asserts this court does not have subject matter jurisdiction

19    over this matter.  The court agrees.  The court **remands this matter to Sacramento County**

20    **Superior Court and denies the motion to dismiss as moot**.

21    **I.     BACKGROUND**

22          Arroyo is a paraplegic and uses a wheelchair.  Compl. ¶ 1, Not. of Removal Ex. A, ECF

23    No. 1.  Arroyo planned to visit Sacramento in April 2021 and went to defendants' website to book

24    a room.  *Id*. ¶¶ 15, 18.  He claims the website did not "provide[] enough information about

25    accessibility features" for him to "independently assess whether the rooms worked for him."  *Id*.

26    ¶¶ 16, 20–21.  This deterred him from making a reservation.  *Id.* ¶ 32.

27          He filed this action in California state court alleging defendants violated California's

28    Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53, as well as the Unfair Competition Law, Bus. &

1

1   Prof. Code § 17200 *et seq. See generally* Compl.  Arroyo seeks monetary damages and injunctive

2   relief.  *Id.* at 8–9.  Hyatt removed the matter and Capitol Regency joined.  Not. of Removal, ECF

3   No. 1; Joinder of Not. of Removal, ECF No. 3.  Defendants move to dismiss, MTD, ECF No. 6,

4   Arroyo opposes, and the motion is fully briefed, Opp'n, ECF No. 8; Reply, ECF No. 11.  In his

5   opposition, Arroyo argues this court is without subject matter jurisdiction.  Opp'n at 1.  As

6   explained in this order, the court agrees and so remands this matter to state court.

7   **II.   LEGAL STANDARD**

8        A defendant may remove to federal court a case "of which the district courts of the United

9   States have original jurisdiction" that was initially brought in state court.  28 U.S.C. § 1441(a).

10  There are two primary bases for federal subject matter jurisdiction: federal question jurisdiction

11  under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.

12       District courts have federal question jurisdiction over "all civil actions arising under the

13  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the longstanding

14  well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement

15  of his own cause of action shows that it is based upon [federal law]."  *Louisville & Nashville R.*

16  *Co. v. Mottley*, 211 U.S. 149, 152 (1908).

17       Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the

18  parties are completely diverse.  28 U.S.C. § 1332.  Where it is "unclear or ambiguous from the

19  face of a state-court complaint whether the requisite amount in controversy is pled, the removing

20  defendant bears the burden of establishing, by a preponderance of the evidence, that the amount

21  in controversy exceeds the jurisdictional threshold."  *Fritsch v. Swift Transport. Co. of Arizona*,

22  *LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of California., Inc.*, 726

23  F.3d 1118, 1121–22 (9th Cir. 2013)).

24       "The party asserting federal jurisdiction bears the burden of showing that jurisdiction

25  exists."  *Pickern v. Stanton's Rest. & Woodsman Room*, No. 01-2112, 2002 WL 143817, at *1

26  (N.D. Cal. Jan. 29, 2002) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th

27  Cir. 1979)).  If there is any doubt regarding the existence of subject matter jurisdiction, the court

28  must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*,

1   980 F.2d 564, 566 (9th Cir. 1992).  "If at any time before final judgment it appears that the

2   district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

3   **III.   ANALYSIS**

4         Defendants removed the case based on federal question jurisdiction.  Not. of Removal at

5   3; Joinder of Not. of Removal.  Hyatt insisted Arroyo "allege[d] claims arising under the

6   Americans With Disabilities Act" (ADA).  Not of Removal at 3.  However, Arroyo brings only

7   two state law claims, both of which are premised on allegations that defendants violated the

8   ADA.  *See generally* Compl.

9         Where a claim is made under state law "federal jurisdiction may still lie if 'it appears that

10  some substantial, disputed question of federal law is a necessary element of one of the well-

11  pleaded state claims.'"  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (quoting

12  *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Tr. for S. California*, 463

13  U.S. 1, 13 (1983)).  "When a claim can be supported by alternative and independent theories—

14  one of which is a state law theory and one of which is a federal law theory—federal question

15  jurisdiction does not attach because federal law is not a necessary element of the claim."  *Id.*

16  at 346.  A plaintiff can establish a violation of the Unruh Act by either showing a violation of the

17  ADA occurred, Cal. Civil Code §§ 51(f), 54.1, or intentional discrimination, *Greater Los Angeles*

18  *Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (citing

19  *Munson v. Del Taco, Inc.*, 46 Cal.4th 661 (2009)).  Similarly, the "ADA may serve as a predicate

20  statute, violation of which is sufficient to trigger liability under California Business & Professions

21  Code § 17200."  *Pickern*, 2002 WL 143817, at *2  (citing *Cel–Tech Communications, Inc. v. Los*

22  *Angeles Cellular Co.*, 20 Cal.4th 163, 180 (1999)).  But "[f]ederal-question jurisdiction over a

23  state-law claim is not created just because a violation of federal law is an element of the state law

24  claim."  *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002); *Merrell Dow Pharmaceuticals, Inc.*

25  *v. Thompson et al.*, 478 U.S. 804, 814 (1986).

26        In *Wander v. Kaus*, the Ninth Circuit examined whether a claim under the California

27  Disabled Person's Act (DPA), which was premised on an ADA violation, presented a federal

28  question.  304 F.3d 856.  There the plaintiff only had a claim for monetary damages after his

1    claim for injunctive relief became moot.  *Id.* at 857.  The ADA only allows for injunctive relief,

2    42 U.S.C. § 12188(a)(1), while California statutes such as the DPA and the Unruh Act permit

3    plaintiffs to seek injunctive relief and damages, Cal. Civ. Code § 52; *Wander*, 304 F.3d at 858.  In

4    light of this distinction, the Ninth Circuit found plaintiff's state law claims did not "arise under

5    federal law" because Congress did not intend for such claims to "give rise to a federal cause of

6    action for damages."  *Wander*, 304 F.3d at 858–59

7          Relying on *Wander*, "district courts have frequently found that Unruh Act claims

8    premised on ADA violations do not create federal question jurisdiction."  *Rutherford v. La Jolla*

9    *Riviera Apartment House LLC*, No. 19-1349, 2019 WL 6125255, at *3 (S.D. Cal. Nov. 19, 2019)

10   (collecting cases).  Some district courts have speculated it might be possible to "(1) find federal

11   question jurisdiction over claims for injunctive relief under the Unruh Act and (2) exercise

12   supplemental jurisdiction over related claims for damages under the Unruh Act."  *Id.* (collecting

13   cases).  But the court is unaware of any case that has actually found federal question jurisdiction

14   adheres over Unruh Act claims where a plaintiff has sought injunctive relief. Rather, those courts

15   that mused jurisdiction could adhere concluded that "federal question jurisdiction did not exist

16   because proving an ADA violation is just one way of proving an Unruh Act violation."  *Id.* at *4

17   (collecting cases); *see Martinez v. QVC, Inc.*, No. 20-4561, 2020 WL 4192259, at *3 (C.D. Cal.

18   July 21, 2020) (remanding Unruh claim based on alleged ADA violation and intentional

19   discrimination).  As the court in *Rutherford* concluded, "there is no good reason to deviate from

20   the multitude of other district courts finding that Unruh Act claims premised on the ADA,

21   including those seeking injunctive relief, are outside the court's federal question jurisdiction."

22   *Rutherford*, 2019 WL 6125255, at *4.  Here, this court is not convinced federal question

23   jurisdiction exists simply because Arroyo seeks injunctive relief and does not allege intentional

24   discrimination.

25         Additionally, the pleadings do not establish diversity jurisdiction.  Hyatt alleged Arroyo

26   was a citizen of California while it was a citizen of Delaware and Illinois, Not. of Removal at 3,

27   but no amount in controversy was alleged in the complaint or notice of removal.  Defendants have

28   not met their minimal burden of establishing the amount in controversy by making even a

4

1  "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" which,

2  could have sufficed. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)

3  (quoting 28 U.S.C. § 1446(a)).

4        Thus, defendants have not carried their burden of establishing subject matter jurisdiction.

5  **IV.     CONCLUSION**

6        The court **remands the matter to Sacramento County Superior Court.**

7        The motion to dismiss is **denied as moot** and all previously set hearings and deadlines are

8  vacated.

9        The clerk is directed to close the case.

10       This order resolves ECF No. 6.

11       IT IS SO ORDERED.

12   DATED:  August 24, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5